UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE JOSEPH,                    : CIVIL NO: 1:11-CV-01255
                                 :
            Plaintiff            :
                                 : (Chief Judge Kane)
      v.                         :
                                 : (Magistrate Judge Smyser)
WARDEN ASURE,                    :
OFFICER RIVERA,                  :
OFFICER WRIGHT, and              :
SERGEANT START                   :
                                 :
            Defendants           :


**REPORT AND RECOMMENDATION**


The prisoner plaintiff complains that the defendants falsely told other prisoners that he was a child molester. He alleges that the defendants' comments caused numerous arguments and a few fights. The defendants have moved to dismiss the amended complaint on the basis that the plaintiff has merely alleged verbal harassment. Because we conclude that the plaintiff has alleged more than mere verbal harassment we recommend that the defendants' motion to dismiss be denied. While he was still confined in county prison, the plaintiff filed a motion for a preliminary injunction seeking an order directing that he not be moved from county prison to state prison. As the plaintiff has already been moved to state

prison, we recommend that his motion for a preliminary injunction be denied as moot.

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint.  He later filed an amended complaint.

The amended complaint names the following officers and officials of the Monroe County Correctional Facility (MCCF) as defendants: Warden Donna Asure, Officer Rivera, Officer Wright, and Sergeant Start.  The plaintiff alleges the following facts in his amended complaint.

In 2008, defendant Rivera charged another officer at the MCCF with sexual harassment.  She eventually quit her job and filed a civil lawsuit.  After court proceedings, she returned to her job in 2011.  There were rumors that she was out for revenge because no one at the MCCF had taken her side with respect to the sexual harassment charges.

When defendant Rivera returned to the MCCF, defendant Start assigned her to the B-Unit.  According to the plaintiff, defendant Start should have assigned defendant Rivera to a position with no contact with prisoners until she was mentally ready to be around inmates again.  Instead, he assigned her to the segregation unit where the majority of inmates are accused of sexual crimes.  Defendant Start assigned defendant Rivera to the B-Unit knowing that she had animosity toward inmates charged with sexual crimes.  He did so maliciously; he thought it was amusing to assign her to that unit.

As soon as she was assigned to the B-Unit, defendant Rivera began displaying her malicious and vindictive attitude. She went around the unit telling those inmates that did not have sexual charges against them that the plaintiff is a "no good scumbag child molester" and that he should die.  Defendant Rivera made these comments with the intent to cause the plaintiff bodily harm.  Defendant Rivera's comments were false and subjected the plaintiff to humiliation, scorn, and ridicule throughout the prison.  Her comments also caused numerous arguments and a few fights.

In mid June of 2011, during housing rounds, the plaintiff discussed with defendant Asure the actions of defendant Rivera and the complaints that he had submitted. Defendant Asure told the plaintiff that maybe he should stop committing the crimes that caused him to be there.  She made that statement such that the whole unit could hear it.  Her comments brought the plaintiff further ridicule and humiliation from other inmates, and they caused him pain and suffering.

In July of 2011, the plaintiff tried to explain to defendant Wright that he was the unit worker.  Defendant Wright responded by telling the plaintiff that he is nothing but a "piece of shit child molester" and that he better close his mouth before he opens his cell and has other inmates beat him.

The plaintiff alleges that the defendants' actions caused him pain and suffering.  He claims that the defendants violated his constitutional rights and defamed him.  He is seeking monetary damages.

4

Currently pending is the defendants' motion to dismiss the amended complaint and the plaintiff's motion for a preliminary injunction.

II.   Motion to Dismiss.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

The defendants contend that the amended complaint fails to state a claim upon which relief can be granted because allegations of verbal abuse do not state a 42 U.S.C. § 1983

5

claim upon which relief can be granted.  We agree with the defendants that verbal abuse is not actionable.  But the plaintiff's allegations go beyond mere verbal abuse.  The plaintiff alleges that the defendants labeled him a child molester in front of other prisoners.

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994).  Prison officials and employees may be liable for failure to protect an inmate from the use of excessive force if they are deliberately indifferent to a substantial risk of serious harm to the inmate. *Id.* at 834.  To plead an Eighth Amendment failure-to-protect claim a plaintiff must plead facts raising a reasonable inference of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997).

The plaintiff alleges that the defendants labeled him a child molester in front of other inmates.  Such a label can lead to a substantial risk of serious harm to the prisoner. *Cf. Renchenski v. Williams,* 622 F.3d 315, 326 (2010)(stating that

6

"[i]t is largely without question . . . that the sex offender label severely stigmatizes an individual, and that a prisoner labeled as a sex offender faces unique challenges in the prison environment" and citing studies which support the proposition that inmate norms call for the savage beating of sex offenders). The plaintiff alleges that the defendants' comments resulted in pain and suffering as well as fights and arguments with other prisoners. We conclude that he has stated a claim upon which relief can be granted. *See Brown v. Narvais,* 265 Fed.Appx. 734 (10th Cir. 2008)(holding that allegations that prison official disclosed that prisoner was a child molester to another inmate who then spread that information in prison stated an Eighth Amendment claim upon which relief can be granted).

Defendant Start contends that the amended complaint fails to state a claim against him upon which relief can be granted because the amended complaint fails to state a claim upon which relief can be granted against defendant Rivera and, therefore, he cannot be liable for assigning defendant Rivera to the B-Unit. As discussed above, the amended complaint does

7

state a claim upon which relief can be granted against defendant Rivera.  And, given the allegations that defendant Start assigned defendant Rivera to the B-Unit knowing that she had animosity toward inmates charged with sexual crimes, that he did so maliciously, and that he thought it was amusing, the amended complaint sufficiently alleges personal involvement on the part of defendant Start.

The defendants contend that they are entitled to immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 et seq., from the plaintiff's state tort claims. The immunity of the Political Subdivision Tort Claims Act does not apply, however, when a municipal employee's acts constitute, among other things, actual malice or willful misconduct. *See* 42 Pa.C.S. § 8550.  "Willful misconduct" under the statute means an intentional tort. *Bright v. Westmoreland County,* 443 F.3d 276, 287 (3d Cir. 2006).  The plaintiff alleges that the defendants acted maliciously and intentionally.  Thus, the defendants are not entitled at this point to dismissal of the state law claims against them based on the Political Subdivision Tort Claims Act.

8

In summary, we will recommend that the defendants' motion to dismiss the amended complaint be denied.

III.  Motion for a Preliminary Injunction.

The plaintiff filed a motion for a preliminary injunction seeking an order directing that he not be moved from the county jail to state prison because he is litigating this case.  The fact that the plaintiff is litigating this case is not a basis for an order that he not be transferred from county to state prison.  Moreover, the record indicates that the plaintiff has in fact been transferred from county to state prison.  Thus, his request for a preliminary injunction is moot.

IV.  Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 18) to dismiss the amended complaint

be denied, that the plaintiff's motion (doc. 21) for a
preliminary injunction be denied, and that the case be remanded
to the undersigned for further proceedings.


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  January 12, 2012.