IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE JOSEPH,** | : | |
| Plaintiff | : | |
| | : | Civil Action No. 1:11-cv-01255 |
| v. | : | |
| | : | (Chief Judge Kane) |
| **WARDEN DONNA ASURE, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM ORDER

Presently pending before the Court is Magistrate Judge Smyser's Report and Recommendation that Defendants' motion to dismiss Plaintiff's amended complaint and Plaintiff's motion for a preliminary injunction be denied.  (Doc. No. 30.)  Defendants have filed objections to the Report and Recommendation.  (Doc. No. 31.)  For the reasons that follow, the Court will adopt the Report and Recommendation.

## I.    BACKGROUND

The above-captioned action arises from statements made by several Monroe County Correctional Facility ("MCCF") officers regarding Plaintiff George Joseph, who is currently incarcerated at the MCCF.  According to Plaintiff, in 2011, Defendant Sergeant R. Start assigned Defendant Officer Rivera, who previously worked at the MCCF, to the B-Unit, a segregation unit that houses many inmates who have been accused of sexual crimes.  (Doc. No. 9 at 4-5.) Plaintiff asserts that Defendant Start maliciously assigned Defendant Rivera to this unit because he knew that she had animosity toward such inmates.  (Id. at 8-9.)  According to Plaintiff, Defendant Rivera was malicious and vindictive towards him.  (Id. at 5.)  Specifically, he asserts that Defendant Rivera told other inmates, with the intent to cause Plaintiff bodily harm, that Plaintiff was a "no good scumbag child molester" and child predator who should die.  (Id. at 5-

7.) As a result, Plaintiff suffered humiliation, scorn, ridicule, and was involved in altercations with other inmates. (Id. at 6-7.)

In June 2011, Plaintiff asserts that he discussed Defendant Rivera's statements with Defendant Warden Donna Asure. (Id. at 9.) Defendant Asure allegedly told him, within earshot of the entire unit, that he should stop committing the crimes that have caused him to be incarcerated. (Id.) The following month, Plaintiff discussed his situation with Defendant Officer Wright, who responded by telling Plaintiff that he was "nothing but a piece of shit child molester" and threatening that if he did not "close his mouth," other inmates would be allowed to enter his cell and "beat the shit out of [him]." (Id. at 10-11.) These statements allegedly further humiliated Plaintiff and encouraged other inmates' ridicule of him. (Id. at 9-11.)

Plaintiff instituted this action by filing a complaint on July 5, 2011 (Doc. No. 1), and an amended complaint on August 15, 2011 (Doc. No. 9). Defendants filed a motion to dismiss on September 9, 2011. (Doc. No. 18.) On September 28, 2011, Plaintiff filed a motion for a preliminary injunction. (Doc. No. 21.) Judge Smyser issued his Report and Recommendation on January 12, 2012 (Doc. No. 30), and Defendants filed objections and a brief in support on January 16, 2012 (Doc. Nos. 31, 32).[1]

## II. DISCUSSION

Neither Plaintiff nor Defendants challenge Judge Smyser's recommendation that Plaintiff's motion for a preliminary injunction (Doc. No. 21) be denied. Therefore, the Court

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

will adopt this recommendation and deny the motion without further analysis.  Defendants raise two objections to Judge Smyser's Report and Recommendation.  First, Defendants contend that Plaintiff has not sufficiently pled an Eighth Amendment failure-to-protect claim because he alleges neither that Defendants incited other inmates to physically attack him nor that Plaintiff was ever injured as a result of Defendants' statements. (Doc. No. 31 ¶¶ 6, 8.)  Second, they contend that Plaintiff has not sufficiently pled a failure-to-protect claim against Defendant Wright because Plaintiff does not allege that Defendant Wright's statements were made within earshot of other inmates.  (Id. ¶ 12.)

    The Eighth Amendment obligates prison officials to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994).  Prison officials may be held liable under the Eighth Amendment where they knew that an inmate "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Id. at 847.  Negligence, or the lack of due care under the circumstances, is not sufficient to support a claim that prison officials failed to protect the inmate. Davidson v. Cannon, 474 U.S. 344, 347 (1986).  To establish that prison officials violated the Eighth Amendment by failing to prevent harm, an inmate must show that: (1) the prison conditions posed a substantial risk of serious harm; and (2) the prison officials were deliberately indifferent to the inmate's health or safety. Farmer, 511 U.S. at 834.  Deliberate indifference is the reckless disregard of a known, excessive risk of serious harm to an inmate's health or safety. Id. at 835-36.  To constitute deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; see also Beers-Capitol v. Whetzel, 256

F.3d 120, 133 (3d Cir. 2001).

In his report, Judge Smyser notes that allegations of only verbal abuse by prison officials is not sufficient to support an action under 42 U.S.C. § 1983. (Doc. No. 30 at 5-6.) Judge Smyser, however, concluded that Plaintiff had sufficiently pled a failure-to-protect claim because he alleges that Defendants' statements referring to him as a child molester, made in front of other inmates, created a substantial risk of serious harm to him. (Id. at 6.) Defendants, however, challenge Judge Smyser's conclusion on the basis that Plaintiff does not allege that Defendants incited an attack on Plaintiff or that Plaintiff was physically harmed by other inmates as a result of Defendants' statements. (Doc. No. 32 at 6-7.)

It is well settled that verbal harassment of a prisoner alone does not violate the Eighth Amendment. Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006). However, as Judge Smyser correctly found, Plaintiff's claims are not limited to mere verbal harassment but, rather, also include allegations that he suffered humiliation, scorn, ridicule, and was involved in altercations with other inmates. An inmate need not wait until actual attack occurs to obtain relief. Benefield v. McDowell, 241 F.3d 1267, 1270-72 (10th Cir. 2001). In Benefield, the Government contended that allegations of verbal harassment and psychological injury caused by living in fear of other inmates is not sufficient to state an Eighth Amendment claim. Id. at 1271. The United States Court of Appeals for the Tenth Circuit noted, however, that the Eighth Amendment reaches conduct that "'is sure or very likely to cause' serious injury at the hands of other inmates." Id. at 1272 (quoting Helling v. McKinney, 509 U.S. 25, 33 (1993)). Although Plaintiff does not specifically allege that he was physically attacked by other inmates due to Defendants' statements, the Court finds that, accepting Plaintiff's allegations as true, Plaintiff

has sufficiently pled that Defendants violated the Eighth Amendment by knowingly placing him in a class of inmates subject to serious bodily harm.  See Benefield, 241 F.3d at 1271-72; Brown v. Narvais, 265 F. App'x 734, 735-36 (10th Cir. 2008); Haywood v. Woods, No. 9:01-CV-00225, 2007 WL 1834641, at *8 (N.D.N.Y. June 25, 2007).  Accordingly, the Court will adopt Judge Smyser's recommendation that Defendants' motion to dismiss this claim be denied.

Finally, Defendants contend that Plaintiff's claim against Defendant Wright should be dismissed because Plaintiff does not allege that he made any statements to anyone other than Plaintiff.  (Doc. No. 31 ¶ 12; Doc. No. 32 at 7.)  The amended complaint contains allegations that Defendant Wright called Plaintiff a child molester, threatened to allow other inmates to attack Plaintiff, and that his statements encouraged other inmates to ridicule Plaintiff.  After a de novo consideration of this objection and the amended complaint, the Court finds that Plaintiff has sufficiently pled a failure-to-protect claim against Defendant Wright.

**ACCORDINGLY**, on this 7th day of February 2012, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Smyser's Report and Recommendation (Doc. No. 30) is **ADOPTED**;

2. Defendants' motion to dismiss Plaintiff's amended complaint (Doc. No. 18) is **DENIED**;

3. Plaintiff's motion for a preliminary injunction (Doc. No. 21) is **DENIED**; and

4. All further proceedings in this matter are referred to Magistrate Judge Smyser.

S/ Yvette Kane  
Yvette Kane, Chief Judge  
United States District Court  
Middle District of Pennsylvania