```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE JOSEPH,                   : CIVIL NO: 1:11-CV-01255
                                 :
          Plaintiff              :
                                 : (Chief Judge Kane)
     v.                          :
                                 : (Magistrate Judge Smyser)
WARDEN ASURE,                    :
OFFICER RIVERA,                  :
OFFICER WRIGHT, and              :
SERGEANT START                   :
                                 :
          Defendants             :
```

**REPORT AND RECOMMENDATION**

The prisoner plaintiff claims that the defendants violated the Eighth Amendment by calling him a child molester in front of other inmates. Because the plaintiff has not presented evidence from which a reasonable fact finder could conclude that he suffered a physical injury or that he faced a substantial risk of serious harm, we recommend that the defendants be granted summary judgment on the plaintiff's Eighth Amendment claim. We recommend that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint.  He later filed an amended complaint.

The amended complaint names the following officers and officials of the Monroe County Correctional Facility (MCCF) as defendants: Warden Donna Asure, Officer Rivera, Officer Wright, and Sergeant Start.  The plaintiff alleges the following facts in his amended complaint.

In 2008, defendant Rivera charged another officer at the MCCF with sexual harassment.  She eventually quit her job and filed a civil lawsuit.  After court proceedings, she returned to her job in 2011.  There were rumors that she was out for revenge because no one at the MCCF had taken her side with respect to the sexual harassment charges.

When defendant Rivera returned to the MCCF, defendant Start assigned her to the B-Unit.  According to the plaintiff, defendant Start should have assigned defendant Rivera to a position with no contact with prisoners until she was mentally

2

ready to be around inmates again.  Instead, he assigned her to the segregation unit where the majority of inmates are accused of sexual crimes.  Defendant Start assigned defendant Rivera to the B-Unit knowing that she had animosity toward inmates charged with sexual crimes.  He did so maliciously; he thought it was amusing to assign her to that unit.

As soon as she was assigned to the B-Unit, defendant Rivera began displaying a malicious and vindictive attitude.  She went around the unit telling those inmates that did not have sexual charges against them that the plaintiff is a "no good scumbag child molester" and that he should die.  Defendant Rivera made these comments with the intent to cause the plaintiff bodily harm.  Defendant Rivera's comments were false and subjected the plaintiff to humiliation, scorn, and ridicule throughout the prison.  Her comments also caused numerous arguments and a few fights.

In mid June of 2011, during housing rounds, the plaintiff discussed with defendant Asure the actions of defendant Rivera and the complaints that he had submitted.  Defendant Asure told the plaintiff that maybe he should stop

3

committing the crimes that caused him to be there.  She made that statement such that the whole unit could hear it.  Her comments brought the plaintiff further ridicule and humiliation from other inmates, and they caused him pain and suffering.

In July of 2011, the plaintiff tried to explain to defendant Wright that he was the unit worker.  Defendant Wright responded by telling the plaintiff that he is nothing but a "piece of shit child molester" and that he better close his mouth before he opens his cell and has other inmates beat him.

The plaintiff alleges that the defendants' actions caused him pain and suffering.  He claims that the defendants violated his constitutional rights and defamed him.  He is seeking monetary damages.

Currently pending is the defendants' motion for summary judgment and the plaintiff's motion to dismiss the defendant's motion for summary judgment.[1]

---

1.  A motion to dismiss is not a proper procedure to oppose a motion for summary judgment.  But, because the plaintiff is proceeding *pro se,* we nevertheless have considered the arguments and evidence presented by the plaintiff in connection with his
(continued...)

4

II.     Summary Judgment Standards.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court –- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

---

1.  (...continued)
motion to dismiss.

5

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed.R.Civ.P. 56(c).

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it will affect the outcome of the trial under governing law. *Id.* A dispute as to a material fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-

6

moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter, but it is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297

7

F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

III. Discussion.

42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." Citing this provision, the defendants contend that they are entitled to summary judgment because the plaintiff has not established that he suffered a physical injury.

The plaintiff has not presented evidence that he suffered a physical injury. Thus, 42 U.S.C. § 1997e(e) bars him from recovering compensatory damages for mental or emotional injury on his Eighth Amendment claim.

But Section 1997e(e) only applies to claims for compensatory damages. *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir. 2003). It does not bar claims for nominal damages,

8

punitive damages, or prospective equitable relief, such as injunctive or declaratory relief. *Id.* at 533-34.

The plaintiff does not seek prospective equitable relief. Rather, he only seeks monetary damages. He seeks four million dollars from the defendants for the alleged violation of his rights. *See Doc. 9.* He does not explicitly seek punitive damages, but the amount of damages that he requests may be viewed as an indication that he is seeking punitive damages. He also does not explicitly seek nominal damages. But he is not required to plead that he is seeking nominal damages. *See Mitchell, supra,* 318 F.3d at 533 n.8.

Because the plaintiff has not established that he suffered a physical injury, under 42 U.S.C. § 1997e(e) the defendants are entitled to summary judgment as to the Eighth Amendment claim for compensatory damages. They are not, however, entitled to summary judgment under Section 1997e(e) as to any claims for punitive or nominal damages.

Although the defendants are not entitled to summary judgment under Section 1997e(e) as to any claims for punitive

9

or nominal damages, they are entitled to summary judgment on any such Eighth Amendment claims because the plaintiff has failed to present evidence from which a reasonable fact finder could conclude that the defendants' action created a substantial risk of serious harm to the plaintiff.

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Prison officials and employees may be liable for failure to protect an inmate from the use of excessive force if they are deliberately indifferent to a substantial risk of serious harm to the inmate. *Id*. at 834. To survive summary judgment on an Eighth Amendment failure to protect claim, "a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997).

The plaintiff alleges that the defendants labeled him a child molester in front of other inmates. Such a label can lead to a substantial risk of serious harm to a prisoner. *Cf. Renchenski v. Williams,* 622 F.3d 315, 326 (2010)(stating that

"[i]t is largely without question . . . that the sex offender label severely stigmatizes an individual, and that a prisoner labeled as a sex offender faces unique challenges in the prison environment" and citing studies which support the proposition that inmate norms call for the savage beating of sex offenders). Thus, the plaintiff's amended complaint survived a motion to dismiss.

The defendants assert, however, that the plaintiff cannot demonstrate that their actions led to a substantial risk of serious harm. At the summary judgment stage, the plaintiff must do more than make allegations. He must present evidence from which a reasonable fact finder could conclude that the defendants' actions created a substantial risk of serious harm. This he has not done. He has not presented evidence to support his allegations as to what was said. Nor has he presented evidence as to which, if any, inmates heard the defendants' alleged statements and the reactions of those inmates. Accordingly, he has not presented evidence of a substantial risk of serious harm. So, the defendants are entitled to summary judgment on the Eighth Amendment claims.[2]

---

2. Given this, we do not address the defendants' other arguments
(continued...)

11

In addition to asserting an Eighth Amendment claim, the plaintiff asserts state law claims.

The defendants contend that they are entitled to immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 et seq., from the plaintiff's state tort claims. The immunity of the Political Subdivision Tort Claims Act does not apply, however, when a municipal employee's acts constitute, among other things, actual malice or willful misconduct. *See* 42 Pa.C.S. § 8550. "Willful misconduct" under the statute means an intentional tort. *Bright v. Westmoreland County,* 443 F.3d 276, 287 (3d Cir. 2006). In connection with a motion to dismiss, the court determined that the defendants were not entitled to immunity under the Political Subdivision Tort Claims Act because the plaintiff presented intentional tort claims. The defendants have not presented any argument to change that determination.

---

2. (...continued)
for summary judgment as to the Eighth Amendment claims, i.e., that the plaintiff failed to exhaust administrative remedies and that the claim against defendant Start is impermissibly based on the theory of *respondeat superior.*

The court has supplemental jurisdiction over the remaining state law claims.  But the court has discretion whether to exercise that jurisdiction. 28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if all claims over which it had original jurisdiction have been dismissed.

When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

13

There is nothing unique about this case such that considerations of judicial economy, convenience, and fairness would provide an affirmative justification for exercising supplemental jurisdiction over the state law claims even though the court has disposed of all of the federal claims.

IV. Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 36) for summary judgment be granted to the extent that the defendants be granted summary judgment on the Eighth Amendment claims.  It is recommended that the plaintiff's motion (doc. 40) to dismiss the defendants' motion for summary judgment be denied.  Finally, it is recommended that the court decline to exercise supplemental jurisdiction over the state law claims and that those claims be dismissed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: August 2, 2012.

14